IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN W. PIEPER JR., | ) | 4:09CV3260 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director, | ) | |
| Nebraska Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made seven claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One: Petitioner was denied due process of law *because* the prosecution did not inform the defense, prior to trial, that a witness was planning to contradict prior testimony.

Claim Two[1]: Petitioner was deprived the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's trial attorney (1) did not move for a continuance after learning that a

---

[1]Claim Two presented in this Memorandum and Order includes the claims set forth in the Petition as Grounds Two through Eighteen. (Filing No. 1 at CM/ECF pp. 6-10.)

       witness was planning to contradict prior testimony; (2) did not properly advise Petitioner regarding a plea offer; (3) did not object to the prosecution's use of hearsay evidence; (4) did not object to the admission of irrelevant and prejudicial evidence; (5) did not object to the crime-scene technician's speculative testimony; (6) did not call an expert witness to refute the prosecution's evidence; (7) did not present a temporary insanity defense; (8) did not object when Petitioner was cross-examined regarding the credibility of other witnesses; (9) did not object to use of the term "defendant"; (10) did not object to references to Petitioner's criminal history; (11) did not offer a witness's deposition as substantive evidence at trial; (12) did not present evidence that another individual had claimed responsibility for the assault of the victim; (13) did not show discovery photographs to Petitioner prior to trial; (14) failed to suppress a knife and metal towel rod; (15) did not object to Petitioner's pre-trial statements; (16) did not provide Petitioner with certain police reports prior to trial; and (17) made prejudicial allegations before and during trial.

Claim Three[2]: Petitioner was deprived the effective assistance of counsel in violation of the Sixth and Fourteenth

---

[2]Claim Three presented in this Memorandum and Order includes the claims set forth in the Petition as Grounds Nineteen and Twenty. (Filing No. 1 at CM/ECF p. 11.)

          Amendments *because* Petitioner's appellate counsel (1) failed to argue that Petitioner's trial counsel was ineffective; (2) failed to argue that the prosecution committed misconduct; and (3) failed to argue that Petitioner should not have been sentenced as a habitual criminal.

Claim Four:    The district court erred in denying Petitioner's motion for mistrial and motion for a new trial.

Claim Five:    Nebraska's habitual criminal statute is unconstitutional as applied to Petitioner's conviction.

Claim Six:    The Nebraska Court of Appeals erred in dismissing Petitioner's appeal prior to Petitioner submitting his brief.

Claim Seven:    The Nebraska Supreme Court erred in denying Petitioner's petition for further review.

  Liberally construed, the court preliminarily decides that Claims One, Two, Three, and Five are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

  Liberally construed, the court decides that Claims Four, Six, and Seven are not cognizable in a federal court habeas action. This court is limited to deciding whether a state court conviction violated the Constitution, laws, or treaties of the United

States. 28 U.S.C. § 2254. Claims Four, Six, and Seven involve questions of state law that have already been decided by a state court. *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005).

IT IS THEREFORE ORDERED that:

1.  Upon initial review of the Petition (filing no. 1), the court preliminarily determines that Claims One, Two, Three, and Five are potentially cognizable in federal court.

2.  The court determines that Claims Four, Six, and Seven are not cognizable in federal court. Claims Four, Six, and Seven are therefore dismissed.

3.  The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to Respondents and the Nebraska Attorney General by regular first-class mail.

4.  By February 19, 2010, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: February 19, 2010: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

5.  If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

    A.  The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B.  The motion for summary judgment shall be supported by such

    state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in the Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that the Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall

be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner**.

6. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

   A. By February 19, 2010, Respondent shall file all state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

   B. No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief shall be served upon the petitioner at the time they are filed with the court *except* that Respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 21, 2010: check for respondent to file answer and separate brief.

7. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*. to proceed in forma pauperis will be granted and Petitioner is relieved from paying the fee at this time.

January 6, 2010.  BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.